UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANGEL FIGUEROA,

Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. NATHANIEL
ANTHONY, Shield No. 3172, Individually and in his
Official Capacity, P.O. NICOLAS DIPARDO, Shield No.
30151, Individually and in his Official Capacity, P.O.
JOSEPH PARCHEN, Shield No. 1651, Individually and
in his Official Capacity, P.O. EDGAR MERCADO,
Shield No. 11346, Individually and in his Official
Capacity, P.O. NATASHA HERON, Shield No. 1367,
Individually and in her Official Capacity and P.O.s
"JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious, as the
true names are presently unknown),

Defendants.

-------------------------------------------------------------------X

**AMENDED COMPLAINT**

**10 CV 2185** (PGG)

**JURY TRIAL DEMANDED**

**ECF CASE**

     Plaintiff ANGEL FIGUEROA, by his attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which all the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ANGEL FIGUEROA is a Hispanic male, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned P.O.  NATHANIEL ANTHONY, P.O. NICOLAS DIPARDO, P.O. JOSEPH PARCHEN, P.O. EDGAR MERCADO, P.O. NATASHA

HERON and P.O.s JOHN DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

### February 26, 2009 Incident

13.     On or about February 26, 2009, at approximately 12:20 p.m., plaintiff ANGEL FIGUEROA was lawfully present the vicinity of Lacombe Avenue and Commonwealth Avenue, in Bronx County, State of New York.

14.     At the aforesaid time, plaintiff was inside of a corner store where he was waiting to be served.

15.     At the aforesaid time and place defendant officers entered the store and immediately handcuffed plaintiff's arms tightly being his back.

16.     Defendants searched plaintiff but did not find illegal drugs or any other contraband on plaintiff's person or in his custody and control.

17.     Thereafter, plaintiff was taken to the 43rd Precinct where he was strip searched, which did not result in the recovery of any drugs or contraband.

18.     Notwithstanding the lack of any evidence of criminal wrongdoing defendants charged plaintiff with Criminal Sale of a Controlled Substance in the Third Degree.

19.     At no time on February 26, 2009 did plaintiff purchase, possess, or sell any controlled substance.

20.     At no time on February 26, 2009 did the defendants possess the requisite level of suspicion to justify an intrusive strip search.

21.     In connection with plaintiffs' arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the District Attorney's Office.

22.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiffs' arrest.

23.     As a result of his unlawful arrest, plaintiff ANGEL FIGUEROA spent approximately six (6) days in jail before all of the charges against him were dismissed on March 4, 2009.

24.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

**August 12, 2009 Incident**

25.     On or about August 12, 2009, at approximately 12:00 p.m., plaintiff ANGEL FIGUEROA was lawfully present at 1725 Randall Avenue, Bronx, New York.

26.     At the aforementioned date and time plaintiff was visiting his mother who resided at 1725 Randall Avenue, Apt. 2E, Bronx, New York.

27.     Suddenly, defendant police officers approached plaintiff and performed a pat down search of him, which did not result in the recovery of any drugs or contraband.

28.     Thereafter, defendant officers asked plaintiff for the reason that he was at the aforesaid location, to which he responded that he was there to visit his mother.

29.     Notwithstanding information that plaintiff had permission and authority to be at the location, the defendant officers arrested plaintiff and charged him with Criminal Trespass.

30.     Plaintiff had not trespassed anywhere nor had he committed a violation of any law, either before or after being approached.

31.     Immediately thereafter, defendants handcuffed plaintiff's arms tightly behind his back and transported him to the 43rd Precinct.

32.     At the precinct defendants stripped searched plaintiff, which also did not result in the recovery of any drugs or contraband.

33.     At no time on August 12, 2009 did the defendants possess the requisite level of suspicion to justify an intrusive strip search.

34.     As a result of his unlawful arrest, plaintiff ANGEL FIGUEROA spent approximately twenty four (24) hours in jail before the District Attorneys Office declined prosecution of the plaintiff.

35.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

**March 3, 2010 Incident**

36.     On or about March 3, 2010 at approximately 1:45 p.m., plaintiff ANGEL FIGUEROA was lawfully present at 512 Rosedale Avenue, Bronx, New York.

37.     At the aforementioned date and time plaintiff was visiting a family friend, Joanne Davis, who resided in apartment B-63 of said location.

38.     As plaintiff was leaving, defendant police officers approached plaintiff and performed a pat down search of him, which did not result in the recovery of any drugs or contraband.

39.     Thereafter, defendant officers asked plaintiff for the reason that he was at the aforesaid location, to which he responded that he was there to visit Ms. Davis.

40.     Notwithstanding information that plaintiff had permission and authority to be at the location, the defendant officers arrested plaintiff and charged him with Criminal Trespass in the Second Degree and Trespass.

41.     Upon placing plaintiff under arrest, defendants informed him that they would continue to arrest him until he dropped his pending lawsuits against them.

42.     At no time on March 3, 2010 had plaintiff trespassed, nor had he committed a violation of any law.

43.     Defendants handcuffed plaintiff's arms tightly behind his back and transported him to the 43rd Precinct.

44.     At the precinct defendants stripped searched plaintiff, which also did not result in the recovery of any drugs or contraband.

45.     At no time on March 3, 2010 did the defendants possess the requisite level of suspicion to justify an intrusive strip search.

46.     As a result of his unlawful arrest, plaintiff ANGEL FIGUEROA spent approximately twenty four (24) to forty eight (48) hours in jail.

47.     In connection with plaintiffs' arrest, defendants filled out false and misleading

police reports and forwarded these reports to prosecutors in the District Attorney's Office.

48.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

49.     As a result of his unlawful arrest plaintiff ANGEL FIGUEROA made several court appearances before all of the charges against him were dismissed on July 2, 2010.

50.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 26, 2009
ARREST FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

53.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF ARISING FROM THE ARREST FEBRUARY 26, 2009 FOR FALSE ARREST UNDER 42 U.S.C. § 1983

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

59.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 26, 2009 ARREST FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     As a result of the forgoing plaintiff ANGEL FIGUEROA  was subjected to unreasonable and  intrusive cavity searches that shocks the conscience in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

62.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**FOURTH CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 26, 2009 ARREST FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

63.     Plaintiff ANGEL FIGUEROA repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants misrepresented and falsified evidence before the District Attorney.

65.     Defendants did not make a complete and full statement of facts to the District Attorney.

66.     Defendants withheld exculpatory evidence from the District Attorney.

67.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ANGEL FIGUEROA.

68.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff ANGEL FIGUEROA.

69.     Defendants acted with malice in initiating criminal proceedings against plaintiff ANGEL FIGUEROA.

70.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ANGEL FIGUEROA.

71.     Defendants lacked probable cause to continue criminal proceedings against plaintiff ANGEL FIGUEROA.

72.     Defendants acted with malice in continuing criminal proceedings against plaintiff

ANGEL FIGUEROA.

73.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

74.     Specifically, defendants falsely alleged they observed plaintiff ANGEL FIGUEROA involved in a drug transaction.

75.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ANGEL FIGUEROA's favor on or about March 4, 2009, when all charges against him were dismissed.

76.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**FIFTH CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 26, 2009
ARREST FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
UNDER 42 U.S.C. § 1983**

77.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "76" as if the same were more fully set forth at length herein.

78.     Defendants created false evidence against plaintiffs.

79.     Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

80.     Defendants misled the grand jury and the prosecutors by creating false evidence against plaintiffs and thereafter providing false testimony throughout the criminal proceedings.

81.     In creating false evidence against plaintiffs, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and

Fourteenth Amendments of the United States Constitution.

82.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 26, 2009 ARREST FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     The defendants had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in defendants' presence.

85.     Defendants further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights.

86.     As a result of the defendant's failure to intercede when plaintiff's constitutional rights were being violated in defendants' presence, plaintiff sustained, *inter alia*, loss of liberty and was subject to an unreasonable and intrusive strip search.

### SEVENTH CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 26, 2009 ARREST FOR MUNICIPAL LIABILITY

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "86" as if the same were more fully set forth at length herein.

88.     Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrests and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

89.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent

authority attendant thereto.

90.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

91.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a. fabricating evidence against innocent persons erroneously arrested during buy-and- bust operations;

b. arresting innocent persons wrongfully apprehended during buy-and-bust operations;

c. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

d. patrolling known drug treatment facilities and arresting recovering drug addicts in the absence of any drugs or drug activity;

e. conducting intrusive strip searches and body cavity inspections of arrested individuals regardless of particularized suspicion.

92.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States

District Court, Eastern District of New York, 02 CV 3651;

· **<u>Phillip Stewart v. City of New York,</u>** United States District Court, Southern District of New York, 05 CV 2375;

· **<u>Benyamin Taylor v. City of New York,</u>** United States District Court, Eastern District of New York, 01 CV 5750;

· **<u>Horace Taylor v. City of New York</u>**, United States District Court, Southern District of New York, 03 CV 6477;

· **<u>Angel Vasquez v. City of New York,</u>** United States District Court, Eastern District of New York, 05 CV 3552;

· **<u>Alvin Williams v. City of New York</u>**,   United States District Court, Southern District of New York, 05 CV 4013;

93.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

94.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

95.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

96.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was incarcerated unlawfully.

97.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

98.     Defendants, collectively and individually, while acting under color of state law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

99.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A.   Not to be deprived of liberty without due process of law;

      B.   To be free from seizure and arrest not based upon probable cause;

      C.   To be free from unwarranted and malicious criminal prosecution;

      D.   Not to have cruel and unusual punishment imposed upon him; and

      E.   To receive equal protection under the law.

**EIGHTH CLAIM FOR RELIEF ARISING FROM THE AUGUST 12, 2009
ARREST FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

100.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "99" with the same force and effect as if fully set forth herein.

101.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

102.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

103.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

104.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

105.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## NINTH CLAIM FOR RELIEF ARISING FROM THE AUGUST 12, 2009 ARREST FOR FALSE ARREST UNDER 42 U.S.C. § 1983

106.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

108.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## TENTH CLAIM FOR RELIEF ARISING FROM THE AUGUST 12, 2009 ARREST FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

109.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    As a result of the forgoing plaintiff ANGEL FIGUEROA  was subjected to unreasonable and  intrusive cavity searches that shocks the conscience in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

111.    As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## ELEVENTH CLAIM FOR RELIEF ARISING FROM THE AUGUST 12, 2009 ARREST MUNICIPAL LIABILITY

112.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

114.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   b. arresting individuals for trespass despite credible evidence indicating those individuals are legally present at a location; and

   c.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

115.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   • **Suarez v. City of New York,** 08 CV 10610 (plaintiff arrested and charged with trespass despite occupant of building informing defendant officers that plaintiff had permission to be on the premises).

- **Acevedo et al. v. City of New York**, 09 CV 9657 (trespass charges pursued by defendant officers despite notarized letter from resident of building explaining plaintiffs had permission to be on the premises).

- **Adames v. City of New York**, 10 CV 7966 (plaintiff charged with trespass while in building visiting his aunt).

116. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

117. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

118. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

119. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

120. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ANGEL FIGUEROA's constitutional rights.

121. The acts complained of deprived plaintiff of his rights:

A.   Not to be deprived of liberty without due process of law;

B.   To be free from seizure and arrest not based upon probable cause;

C.   To be free from unlawful search;

D.   Not to have summary punishment imposed upon him; and

E.   To receive equal protection under the law.

**TWELFTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2010**
**ARREST FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

122.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "121" with the same force and effect as if fully set forth herein.

123.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

124.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

125.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

126.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

127.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**THIRTEENTH CLAIM FOR RELIEF ARISING FROM THE ARREST MARCH 3, 2010
FOR FALSE ARREST UNDER 42 U.S.C. § 1983**

128.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

130.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**FOURTEENTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2010
ARREST FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42
U.S.C. § 1983**

131.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    As a result of the forgoing plaintiff ANGEL FIGUEROA  was subjected to unreasonable and  intrusive cavity searches that shocks the conscience in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

133.    As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**FIFTEENTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2010 ARREST
FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

134.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth herein.

135.    Defendants misrepresented and falsified evidence before the District Attorney.

136.    Defendants did not make a complete and full statement of facts to the District Attorney.

137.    Defendants withheld exculpatory evidence from the District Attorney.

138.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ANGEL FIGUEROA.

139.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff ANGEL FIGUEROA.

140.    Defendants acted with malice in initiating criminal proceedings against plaintiff ANGEL FIGUEROA.

141.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ANGEL FIGUEROA.

142.    Defendants lacked probable cause to continue criminal proceedings against plaintiff ANGEL FIGUEROA.

143.    Defendants acted with malice in continuing criminal proceedings against plaintiff ANGEL FIGUEROA.

144.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

145.    Specifically defendants falsely alleged plaintiff was trespassing.

146.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ANGEL FIGUEROA's favor on or about July 2, 2010, when all charges against him were dismissed.

147.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**SIXTEENTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3,2010 ARREST FOR MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983**

148.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "147" with the same force and effect as if fully set forth herein.

149.    Defendants issued legal process to place plaintiff under arrest.

150.    Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

151.    Specifically, defendants informed plaintiff that they will continue place him under arrest until he dropped his pending lawsuits against them.

152.    Defendants acted with intent to do harm to plaintiff, without excuse or justification.

153.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**SEVENTEENTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2010 ARREST FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**

154.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "153" as if the same were more fully set forth at length herein.

155.     Defendants created false evidence against plaintiff.

156.     Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

157.     Defendants misled the grand jury and prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings.

158.     In creating false evidence against plaintiff,  in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

159.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**EIGHTEENTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2010 ARREST MUNICIPAL LIABILITY**

160.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "159" with the same force and effect as if fully set forth herein.

161.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

162.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;
>
> ii.  arresting individuals for trespass despite credible evidence indicating those

individuals are legally present at a location; and

iii.   arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

163.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Suarez v. City of New York,** 08 CV 10610 (plaintiff arrested and charged with trespass despite occupant of building informing defendant officers that plaintiff had permission to be on the premises).

- **Acevedo et al. v. City of New York**, 09 CV 9657 (trespass charges pursued by defendant officers despite notarized letter from resident of building explaining plaintiffs had permission to be on the premises).

- **Adames v. City of New York**, 10 CV 7966 (plaintiff charged with trespass while in building visiting his aunt).

164.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

165.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

166.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

167.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

168.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ANGEL FIGUEROA's constitutional rights.

169.    The acts complained of deprived plaintiff of his rights:

    A.      Not to be deprived of liberty without due process of law;

    F.      To be free from seizure and arrest not based upon probable cause;

    G.      To be free from unlawful search;

    H.      Not to have summary punishment imposed upon him; and

    I.      To receive equal protection under the law.

170.    As a result of the foregoing, plaintiff ANGEL FIGUEROA is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ANGEL FIGUEROA demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       December 28, 2010

                                   BY:_____/S_____
                                   GERALD M. COHEN (GC-0414)
                                   COHEN & FITCH LLP
                                   Attorneys for Plaintiff
                                   225 Broadway, Suite 2700
                                   New York, N.Y. 10007
                                   (212)374-9115