UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

ANGEL FIGUEROA,

                                             Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. NATHANIEL ANTHONY, Shield No. 3172, Individually and in his Official Capacity, P.O. NICOLAS DIPARDO, Shield No. 30151, Individually and in his Official Capacity, P.O. JOSEPH PARCHEN, Shield No. 1651, Individually and in his Official Capacity, P.O. EDGAR MERCADO, Shield No. 11346, Individually and in his Official Capacity, P.O. NATASHA HERON, Shield No. 1367, Individually and in her Official Capacity and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                                            Defendants.

---------------------------------------------------------------------- X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 Civ. 2185 (PGG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/11

       **WHEREAS**, plaintiff commenced this action by filing a complaint on or about March 12, 2010 and a first amended complaint on January 3, 2011 alleging that the defendants violated plaintiff's federal civil and state common law rights; and

       **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Angel Figueroa the sum of **Fifty Thousand Dollars ($50,000.00)** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal with prejudice of all the claims against the named defendants, City of New York, Police Officer Nathaniel Anthony, Police Officer Nicolas DiPardo, Police Officer Joseph Parchen, Police Officer Edgar Mercado, Police Officer Natasha Heron, and to release and discharge all defendants, including the individuals identified in the caption of the complaint as "P.O.s 'JOHN DOE' #1-10," and any present or former employees and agents of the City of New York or any agency thereof, including but not limited to the New York City Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York, Police Officer Nathaniel Anthony, Police Officer Nicolas DiPardo, Police Officer Joseph Parchen, Police Officer Edgar Mercado, Police Officer Natasha Heron, and the individuals identified in the caption of the complaint as "P.O.s 'JOHN DOE' #1-10," regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
March 14, 2011

Gerald M. Cohen, Esq.
*Attorney for Plaintiff*
Cohen & Fitch, LLP
225 Broadway, Suite 2700
New York, New York 10007
(212) 374-9115

By: _____
GERALD M. COHEN, ESQ.

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Room 3-178
New York, New York 10007
(212) 788-0823

By: _____
PHILIP R. DePAUL
Assistant Corporation Counsel

The Clerk of Court is directed to close this case.

SO ORDERED:

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

March 14, 2011